IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joshua Lynn Robinson, | ) | Case No 6:25-cv-06747-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mark Keel, Matt Hamby, Andy Merriman, | ) | |
| Joe Kernell, Stan Whitten, Ken Roper, | ) | |
| Alan Wilson, Scotty Bodiford, Aaron | ) | |
| Smith, Morgan Cancel, Cindy S. Crick, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis ("ifp"). ECF No. 2. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a United States Magistrate Judge[1] for pre-trial proceedings and a Report and Recommendation ("Report"). On July 8, 2025, the Magistrate Judge issued a Report recommending that the motion for leave to proceed ifp be denied. ECF No. 8. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed

_____

[1] This action was initially referred to Magistrate Judge William S. Brown, who issued the Report. On July 8, 2025, this action was reassigned to Magistrate Judge Kevin F. McDonald. ECF No. 10.

to do so.  Since the issuance of the Report, Plaintiff has filed 18 documents.[2]  ECF Nos. 13, 15, 17, 18, 20, 22, 23, 24, 25, 26, 27, 28, 29,[3] 30,[4] 31, 32, 35, 36.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

---

[2] Plaintiff has also submitted a proposed document, which has been reviewed and considered by the undersigned.  ECF No. 19.

[3] The Court notes that this document is a petition for writ of mandamus that was filed with the Fourth Circuit Court of Appeals.  While not filed here by Plaintiff, it has been reviewed for any information relevant to Plaintiff's objections.

[4] The Court notes that Plaintiff states that several of documents are signed under penalty of perjury.  The Court has so considered them.

Out of an abundance of caution for a pro se party, the Court has thoroughly reviewed all of Plaintiff's filings and considered them in ruling on this action. Upon de novo consideration of the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the recommendation of the Magistrate Judge. Plaintiff, an incarcerated person proceeding pro se, has previously filed at least three cases which qualify as a strike under the Prison Litigation Reform Act, 29 U.S.C. § 1915(g) ("PLRA"). He therefore cannot proceed in forma pauperis unless he satisfies the exception for "imminent danger of serious physical injury" provided by the three-strikes rule. *See id.*; *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010). In some of his filings, Plaintiff makes allegations regarding his hand, which was injured during his arrest, and generally states that he is in danger. ECF Nos. 15, 22, 24, 25, 29. The Court agrees with the Magistrate Judge that Plaintiff's allegations in this regard are cursory and unrelated to the allegations in his complaint.[5]  *See Hall v. United States of America*, 44 F.4th 218

---

[5] The Court notes that the Magistrate Judge reviewed ECF No. 1 as the complaint and, after the issuance of the Report, Plaintiff filed an amended complaint. ECF No. 13. The entirety of the allegations contained in the amended complaint are as follows:

> R.I.C.O Wheel Conspiracy
>
> I mailed my response to the R & R fir this case on 7/9/25 at 3:33pm given to Nixon in "U" dorm through a letter sent by inmate Zachary Pridemare 0455
>
> Inmate Ricky Hill hung himself on 6/26/25 between 1:00pm & 2:00pm in G.C.D.C., Building 2, Unit "U." My unit. SLED did nothing.

(4th Cir. 2022) (holding that "the district court must determine whether these allegations are supported by the record and whether they rise to the level of imminent danger"). Accordingly, the Court adopts the Report of the Magistrate Judge and denies Plaintiff's motion for leave to proceed ifp.[6]

## CONCLUSION

Accordingly, the Court adopts the recommendations of the Magistrate Judge. Plaintiff's motion to proceed in forma pauperis [2] is **DENIED**. Plaintiff is **DIRECTED** to pay the full filing fee $405[7] within 21 days of the date of this Order. If Plaintiff chooses not to pay the filing fee by that time, this matter shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Plaintiff's remaining pending motions [17, 18, 20, 24, 26, 32] are held in abeyance and will be further considered if Plaintiff pays the filing fee.[8]

---

42 U.S.C. Sec. 14141 & Sec. 14142 permit the DOJ to investigate patterns and practice of misconduct.

ECF No. 13 at 1. As Plaintiff has not added any allegations related to the analysis of whether he is required to pay the filing fee under the PLRA, the Court will still consider the Report.

[6] The Court notes that Plaintiff filed a petition for writ of mandamus with the Fourth Circuit Court of Appeals. ECF No. 29. Upon review, it does not appear that Plaintiff is requesting any action by the undersigned. Accordingly, the Court declines to stay this matter or take any other action related to the petition for writ of mandamus.

[7] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350. On December 1, 2023, the administrative filing fee increased to $55. Any check for the filing fee should be made payable to "Clerk, U.S. District Court."

[8] Plaintiff is informed that any documents submitted by Plaintiff after today will be reviewed but will not receive a response unless deemed necessary by either the Magistrate Judge or the undersigned.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 21, 2025
Spartanburg, South Carolina